**David Freeman Engstrom**
Assistant Professor of Law

Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Tel 650 721-5859
Fax 650 725-0253
dfengstrom@law.stanford.edu
www.law.stanford.edu

January 29, 2010

The Honorable Gary L. Lancaster
Chief Judge
United States District Court
  for the Western District of Pennsylvania
United States Post Office and Courthouse
700 Grant Street, Room 3250
Pittsburgh, PA 15219-1906

*Misc.*
*09-239*

Dear Chief Judge Lancaster:

## BACKGROUND

I am writing to request a fee waiver for retrieval of certain District Court records for a research project I am planning to undertake in my current position as an assistant professor at Stanford Law School. My goal is to gather pleadings relating to litigation brought pursuant to the False Claims Act and to build a dataset on which I can perform various statistical analyses. The resulting analyses will serve as a basis for scholarly papers, presentations, and publications.

## REQUEST FOR EPA FEE WAIVER

As you are probably aware, fee waivers are provided for and governed by the Electronic Public Access Fee Schedule of the Judicial Conference ("EPA Fee Schedule"), which provides, in relevant part:

> Consistent with Judicial Conference policy, courts may, upon a showing of cause, exempt . . . individual researchers associated with educational institutions, courts, section 501(c)(3) not-for-profit organizations . . . from payment of these fees. Courts must find that parties from the classes of persons or entities listed above seeking exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information. Any user granted an exemption agrees not to sell for profit the data obtained as a result. Any transfer of data

obtained as a result of a fee exemption is prohibited
unless expressly authorized by the court.
Exemptions may be granted for a definite period of
time and may be revoked at the discretion of the
court granting the exemption.

EPA Fee Schedule (Eff. 3/11/08).[1]

*1. Entity / Mission Qualifications.* Stanford University (and its constituent
entities—including Stanford Law School) is a .501(c)(3) not-for-profit
educational organization. The sole purpose of my project is to contribute to a
growing public debate about litigation under the False Claims Act.

*2. Current Public Access Inadequate.* Public understanding of the nature
and shape of litigation under the False Claims Act is currently inadequate.
Recent years have seen significant public debate about the merits and demerits
of qui tam litigation in particular and an equally significant amount of
legislative activity in Congress concerning possible amendments to the False
Claims Act. However, this debate has gone forward with virtually no
systematic knowledge regarding basic questions about such litigation. These
questions include: who brings litigation under the False Claims Act, what
proportion of qui tam relators are represented by a specialized bar, what are
the determinants of Department of Justice intervention into qui tam lawsuits,
how often and in what types of cases do qui tam defendants claim that a
relator's claim has been publicly disclosed and/or challenge a relator's
original source status, and how often and under what conditions are actions
under the False Claims Act successful? The goal of my research project is to
inform and enhance public debate about these and other questions regarding
litigation under the False Claims Act.

*3. Exemption Necessary to Avoid Unreasonable Burden.* A fee exemption
is necessary to carry out my planned scholarly project. Roughly 4,000 qui
tam lawsuits have been filed since the False Claims Act was substantially
amended in 1986. Even with the EPA Fee Schedule's current per-document
fee cap ($2.40 per document), my planned research would incur tens of
thousands of dollars in PACER fees. Absent a fee exemption, my planned
research design will not be possible.

*4. Usage; No Re-Sale.* It is my intention to use the documents obtained to
assemble a dataset that will serve as a basis for scholarly papers,

---

[1] Judicial Conference amendment of session March 11, 2008, promulgated under sections
1913, 1914, 1926, 1930, and 1932 of Title 28, United States Code.

presentations, and publications. I understand that, if a fee waiver is granted, I may not sell for profit the documents obtained and, indeed, may not transfer such documents unless expressly authorized by the relevant court. I hereby agree to those restrictions.

For the above reasons, I ask that the District Court grant me an exemption under the EPA Fee Schedule for any and all available documents relating to lawsuits filed under the False Claims Act since 1986.

If you have any questions, please do not hesitate to contact me. I look forward to hearing from you.

Sincerely,

David Freeman Engstrom
Assistant Professor of Law